ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2012 JUN 28 PM 1: 46

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JAMES A. ANDREWS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 312-021 |
| | ) | |
| DAVID FRAZIER, Warden, Telfair | ) | |
| State Prison, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Telfair State Prison ("TSP") in Helena, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP"). Previously, Plaintiff improperly attempted to pursue this case on behalf of himself and several other inmates at TSP. (See doc. no. 1.) Having informed Plaintiff that he could not pursue this case in such a manner, the Court explained that he must submit an amended complaint detailing "how specific actions by Defendants injured him or violated his constitutional rights." (Doc. no. 9, p. 5.) Thus, on May 1, 2012, the Court ordered Plaintiff to submit an amended complaint so that he may pursue claims on his own behalf, as well as an updated Prisoner Trust Fund Account Statement and Consent to Collection of Fees form, within thirty days. (Id. at 7-8.) Plaintiff was cautioned that failure to respond would result in a recommendation to the presiding District Judge that his case be dismissed without prejudice. (Id. at 9.) Plaintiff failed to respond.

On June 7, 2012, the Court afforded Plaintiff fourteen (14) additional days to comply with the terms of the Court's May 1st Order. (Doc. no. 10.) Once again, Plaintiff was warned that his failure to comply in a timely fashion with the Court's Order would result in a recommendation that his case be dismissed. (Id. at 2.) The time to respond has passed, and Plaintiff has not submitted the documents required by the Court's May 1, 2012 Order, nor has he provided the Court with any explanation why he has not complied with the Court's instructions.

The Eleventh Circuit has stated that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). This authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Id. (citing Fed. R. Civ. P. 41(b)); see also Wilson v. Sargent, 313 F.3d 1315, 1321 n.7 (11th Cir. 2002) (*per curiam*) ("Nothing . . . precludes a court from inquiring further into the inmate's account activity after entry of the IFP order."); Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970)[1] ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

R. 41.1(c).

The test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Here, Plaintiff's failure to comply with the Court's Orders, or even to provide the Court with an explanation for his failure to amend his complaint or provide an updated account statement or consent form, amounts not only to a failure to prosecute, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. Furthermore, because Plaintiff is proceeding IFP in this case, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

However, the Court recognizes that Plaintiff is proceeding *pro se*, and courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[2] See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993); Dickson v. Ga. State Bd. of Pardons & Paroles, No. 1:06-CV-1310-JTC, 2007 WL 2904168, at *6 (N.D. Ga. Oct. 3, 2007). Thus, the Court is not persuaded that it would be appropriate to dismiss the instant action with prejudice. The Court is not permanently barring Plaintiff from bringing a meritorious claim. It is simply recommending dismissing the case without prejudice until such time as Plaintiff is willing to file his case <u>and pursue it</u>.

Plaintiff has been warned repeatedly that failing to comply with the Court's May 1st Order would be an election to have his case voluntarily dismissed. As Plaintiff has now

---

[2]Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).

3

twice ignored the Court's instructions to submit an amended complaint and an updated Trust Fund Account Statement and Consent form, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED**, without prejudice and that this case be **CLOSED**.

SO REPORTED and RECOMMENDED this 28th day of June, 2012, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

4